Charles M. Lizza
William C. Baton
Sarah A. Sullivan
**Saul Ewing Arnstein & Lehr LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
clizza@saul.com
wbaton@saul.com

OF COUNSEL:

Edgar H. Haug
Nicholas F. Giove
Richard F. Kurz
**Haug Partners LLP**
745 Fifth Avenue
New York, NY 10151

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPERNUS PHARMACEUTICALS, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> TORRENT PHARMACEUTICALS LTD. and TORRENT PHARMA INC., <br><br> **Defendants.** | Civil Action No. _____ <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **(Filed Electronically)** |

Plaintiff Supernus Pharmaceuticals, Inc. ("Supernus" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendants Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. (collectively, "Torrent" or "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving United States Patent Nos. 8,298,576 ("the '576 patent"), 8,298,580 ("the '580 patent"), 8,663,683 ("the '683 patent"), 8,877,248 ("the '248

patent"), 8,889,191 ("the '191 patent"), 8,992,989 ("the '989 patent"), 9,549,940 ("the '940 patent"), 9,555,004 ("the '004 patent"), 9,622,983 ("the '983 patent"), and 10,314,790 ("the '790 patent") attached hereto as Exhibits A–J (collectively, "the patents in suit").

## THE PARTIES

2.      Plaintiff Supernus is a corporation organized and existing under the laws of Delaware, having its principal place of business at 9715 Key West Avenue, Rockville, Maryland 20850.

3.      Upon information and belief, Defendant Torrent Pharmaceuticals Ltd. is a corporation operating and existing under the laws of India, with its principal place of business at Torrent House, Off. Ashram Road, Ahmedabad, Gujarat, 380009, India.

4.      Upon information and belief, Torrent Pharmaceuticals Ltd. is in the business of, *inter alia*: (i) the development and manufacture of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey, and importing generic pharmaceutical products into the United States, including throughout the State of New Jersey; (ii) in concert with and/or through its various subsidiaries, including Defendant Torrent Pharma Inc., the preparation, submission, and filing of Abbreviated New Drug Applications ("ANDAs") seeking FDA approval to market generic drugs throughout the United States, including throughout the State of New Jersey; and (iii) in concert with and/or through its various subsidiaries, including Defendant Torrent Pharma Inc., the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey.

5.      According to Defendants' website, Torrent Pharmaceuticals Ltd. "is one of the leading pharma companies of the Country," "ranked amongst the leaders in therapeutic segment of cardiovascular (CV), central nervous system (CNS), gastro-intestinal (GI) and women healthcare (WHC)," "has significant presence in diabetology, pain management, gynaecology,

oncology and anti-infective segments," and has "a widespread global presence in over 40 countries."  Torrent Website, https://torrentpharma.com/index.php/site/info/aboutUs (accessed July 28, 2021).

6.     Torrent Pharmaceuticals Ltd.'s Annual Report 2020-2021 states that "[r]evenues from the US business were ₹1261 crores (sales US$ 166 million) during 2020-21."  Torrent Pharmaceuticals Ltd.'s Annual Report 2020-2021 at 114, https://torrentpharma.com/pdf/download/AR-2020-21.pdf (accessed July 28, 2021).

7.     Torrent Pharmaceuticals Ltd.'s Annual Report 2020-2021 indicates that while new approvals for two of its facilities "were on hold pursuant to their negative classification by the USFDA," the company expected that "[n]ew approvals from said facilities shall commence, post its re-inspection by USFDA."  Further, the company "has filled [sic] 12 ANDA's during 2020-21," "has 103 ANDA approvals (including 6 tentative approvals) and its pipeline consists of 54 pending approvals (not including tentative or partnered filings) and more than 40 products under development to be filed over the next 3 years."  Torrent Pharmaceuticals Ltd.'s Annual Report 2020-2021 at 114, https://torrentpharma.com/pdf/download/AR-2020-21.pdf (accessed July 28, 2021).

8.     Upon information and belief, Defendant Torrent Pharma Inc. is a Delaware limited liability company having its principal place of business at 150 Allen Road, Suite 102, Basking Ridge, NJ 07920.  Upon information and belief, Torrent Pharma Inc. is a wholly-owned subsidiary of Torrent Pharmaceuticals Ltd.  Upon information and belief, Torrent Pharma Inc. acts at the direction of, under the control of, and for the direct benefit of Torrent Pharmaceuticals Ltd. and is controlled and/or dominated by Torrent Pharmaceuticals Ltd.

9. Upon information and belief, Torrent Pharma Inc. is in the business of, *inter alia*: (i) developing, marketing, distributing, and/or selling generic pharmaceutical products throughout the United States, including throughout the State of New Jersey; (ii) in concert with and/or through its parent, including Defendant Torrent Pharmaceuticals Ltd. and various subsidiaries, the preparation, submission, and filing of ANDAs seeking FDA approval to market generic drugs throughout the United States, including throughout the State of New Jersey; and (iii) alone or in concert with and/or through its parent, including Defendant Torrent Pharmaceuticals Ltd. and various subsidiaries, the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of New Jersey.

10. Upon information and belief, Torrent filed ANDA No. 215918 ("the Torrent ANDA") with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of generic topiramate extended-release capsules, containing 25 mg, 50 mg, 100 mg, and 200 mg of topiramate ("the Torrent ANDA Products").

11. Upon information and belief, Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. are acting cooperatively with respect to the Torrent ANDA.

12. Upon information and belief, Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. collaborate to develop, manufacture, import, market, and distribute, and/or sell pharmaceutical products, including generic drug products (e.g., Losartan Potassium Tablets (25 mg, 50 mg, and 100 mg), Isosorbide Mononitrate Extended-Release Tablets (30 mg, 60 mg, and 120 mg), Felodipine Extended-Release Tablets (2.5 mg, 5 mg, and 10 mg), and Zolpidem Tartrate Tablets (5 mg and 10 mg)) that will be manufactured and sold pursuant to an ANDA, throughout the United States, including throughout the State of New Jersey.

13.    Upon information and belief, Defendants and/or their affiliates manufacture and/or direct the manufacture of generic pharmaceutical products for which Torrent is the named ANDA applicant.  Upon information and belief, Defendants each, directly or indirectly, derive substantial revenue from the sales of such generic pharmaceutical products.

14.    Upon information and belief, Torrent will market the Torrent ANDA Products throughout the United States, including in New Jersey, upon approval of the Torrent ANDA.

## JURISDICTION AND VENUE

15.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

16.    This Court has personal jurisdiction over Defendants under: (i) Fed. R. Civ. P. 4(k)(1) and N.J. Ct. R. 4:4-4; and/or (ii) Fed. R. Civ. P. 4(k)(2).

17.    Upon information and belief, Defendants have purposefully availed themselves of the privilege of doing business in the State of New Jersey by continuously and systematically placing goods in the stream of commerce for distribution and sale throughout the United States, including the State of New Jersey.  For example, upon information and belief, Torrent states on its website that, as "[t]he world's largest market for pharmaceuticals, USA has always been on Torrent Pharma's strategic radar.  Torrent Pharma Inc., our subsidiary, serves the growing need of our products in the market and today we are ranked 10th amongst the US generic Indian Companies."  Torrent Website, https://torrentpharma.com/index.php/site/info/business_usa (accessed July 28, 2021).  Regarding its U.S. business, Torrent Pharmaceuticals Ltd.'s Annual Report 2020-2021 further states that "Torrent continued to strengthen its pipeline and has filed 12 ANDAs (PY 12) during the year," and that "3 products were launched during the year." Torrent Pharmaceuticals Ltd.'s Annual Report 2020-2021 at 80, https://torrentpharma.com/pdf/download/AR-2020-21.pdf (accessed July 28, 2021).  In addition,

Torrent's website indicates its "aim to strengthen [their] position in the [U.S.] market by launching complex generics which include specialty oral solids (Oncology) and value added medicines 505(b)(2) in the coming times." Torrent Website, https://torrentpharma.com/index.php/site/info/business_usa (accessed July 28, 2021).

18. This Court has personal jurisdiction over Torrent Pharma Inc. at least because, upon information and belief: (i) Torrent Pharma Inc. maintains a principal place of business in New Jersey located at 150 Allen Road, Suite 102, Basking Ridge, NJ 07920; (ii) Torrent Pharma Inc. is doing business in New Jersey and maintains continuous and systematic contacts with this Judicial District;  (iii) Torrent Pharma Inc., together with its parent Torrent Pharmaceuticals Ltd., is in the business of developing and manufacturing generic pharmaceutical products for importation, sale, and/or distribution in the State of New Jersey; (iv) Torrent Pharma Inc., together with its parent Torrent Pharmaceuticals Ltd., has committed, induced, and/or contributed to acts of patent infringement in New Jersey; and (v) Torrent Pharma Inc. has previously submitted to the jurisdiction of this Court, has availed itself of New Jersey's legal protections in prior litigations, and previously consented to personal jurisdiction and venue in this Judicial District.[1]

19. Upon information and belief, Torrent Pharma Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey

---

[1] This Court also has personal jurisdiction over Defendants because Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. have previously submitted to the jurisdiction of this Court and have previously availed themselves of this Court by initiating lawsuits, consenting to this Court's jurisdiction, and asserting counterclaims in other civil actions initiated in this jurisdiction. *See, e.g.*, *Allergan Sales, LLC v. Torrent Pharm. Ltd.*, No. 19-21709 (ES)(SCM) (D.N.J.), ECF No. 21 (showing that Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. filed a counterclaim and did not contest jurisdiction); *Takeda Pharm. Co. v. Torrent Pharm. Ltd.*, No. 17-3186 (SRC)(CLW) (D.N.J.), ECF No. 12 (same); *Otsuka Pharm. Co. v. Torrent Pharm. Ltd.*, No. 14-1078 (JBS)(KMW) (D.N.J.), ECF No. 11 (same).

with Business Identification Number 0400474439.  New Jersey's Division of Revenue and Enterprise Services Website, https://www.njportal.com/DOR/BusinessNameSearch/Search/BusinessName (accessed July 28, 2021).  Upon information and belief, Torrent Pharma Inc. is registered with the State of New Jersey's Department of Health as a drug and medical device "manufacturer and wholesale[r]" with Registration Number 5003857.  New Jersey Department of Health Website, https://healthapps.state.nj.us/fooddrug/fdList.aspx (accessed July 28, 2021).  Torrent Pharma Inc. has, therefore, purposefully availed itself of the rights, benefits, and privileges of New Jersey's laws.

20. According to Torrent's website, Torrent Pharma Inc. is based in Basking Ridge, New Jersey, and is a wholly-owned subsidiary of Torrent Pharmaceuticals Ltd.  Torrent Website, https://torrentpharma.com/index.php/site/info/international (accessed on July, 28, 2021); https://torrentpharma.com/index.php/site/info/businessAreas (accessed on July 28, 2021).

21. Upon information and belief, Torrent Pharmaceuticals Ltd. derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

22. Upon information and belief, Torrent Pharma Inc. derives substantial revenue from directly or indirectly selling generic pharmaceutical products and/or active pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

23. This Court has personal jurisdiction over Torrent Pharmaceuticals Ltd. at least because, upon information and belief: (i) Torrent Pharmaceuticals Ltd. has purposefully directed

its activities and the activities of Torrent Pharma Inc. at residents and corporate entities within the State of New Jersey; (ii) the claims set forth herein against Torrent Pharmaceuticals Ltd. arise out of or relate to those activities; (iii) Torrent Pharmaceuticals Ltd.'s contacts with the State of New Jersey (direct and indirect) are continuous and systematic; and (iv) it is reasonable and fair for this Court to exercise personal jurisdiction over Torrent Pharmaceuticals Ltd.

24.    Upon information and belief, Torrent's tortious acts of (i) preparing and filing the Torrent ANDA with a paragraph IV certification to the patents in suit for the purpose of obtaining approval to engage in the commercial manufacture, use, offer to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products before the expiration of the patents in suit, and (ii) directing notice of its ANDA submission to Supernus, are acts with real and injurious consequences giving rise to this infringement action, including the present and/or anticipated commercial manufacture, use, offer to sell, and/or sale of the Torrent ANDA Products by Defendants before the expiration of the patents in suit throughout the United States, including in this Judicial District.  Because defending against an infringement lawsuit such as this one is an inherent and expected part of a generic ANDA filer's business, Torrent should reasonably anticipate being sued in New Jersey.

25.    This Court has personal jurisdiction over Torrent at least because, upon information and belief, if the Torrent ANDA is approved, the Torrent ANDA Products will be marketed and distributed by Torrent Pharma Inc., purportedly at the direction and control of Torrent Pharmaceuticals Ltd., in the State of New Jersey, prescribed by physicians practicing in the State of New Jersey, dispensed by pharmacies located within the State of New Jersey, and used by patients in the State of New Jersey.  Specifically, upon information and belief, if Torrent succeeds in obtaining FDA approval, Torrent will sell the Torrent ANDA Products in the State of

New Jersey.  Torrent has previously admitted to marketing and selling drug products in the State of New Jersey and throughout the United States, directly and through its affiliates.[2]

26.    Upon information and belief, Torrent Pharmaceuticals Ltd. intends to benefit directly if the Torrent ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of the generic drug products that are the subject of the Torrent ANDA.

27.    Upon information and belief, Torrent Pharma Inc. intends to benefit directly if the Torrent ANDA is approved by participating in the manufacture, importation, distribution, and/or sale of the generic drug products that are the subject of the Torrent ANDA.

28.    Upon information and belief, Torrent Pharma Inc. acts at the direction, and for the benefit, of Torrent Pharmaceuticals Ltd. and is controlled and/or dominated by Torrent Pharmaceuticals Ltd.

29.    Upon information and belief, Torrent Pharma Inc. and Torrent Pharmaceuticals Ltd. act, operate, and/or hold themselves out to the public as a single integrated business.

30.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and/or § 1400(b) because, upon information and belief, Torrent Pharma Inc. has a principal place of business in New Jersey and has and will continue to engage in infringing activities in New Jersey.

31.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and/or § 1400(b) because, upon information and belief, Torrent Pharmaceuticals Ltd. is incorporated in India and may be sued in any judicial district in the United States in which the Defendant is subject to the court's personal jurisdiction.

---

[2] *See, e.g.*, *Allergan Sales, LLC v. Torrent Pharm. Ltd.*, No. 19-21709 (ES)(SCM) (D.N.J.), ECF No. 21 at 3-4 (showing that Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. filed a counterclaim and admitted to marketing and selling drug products in the State of New Jersey).

32.     Venue is proper under 28 U.S.C. §§ 1391(b) and (c) and/or § 1400(b).  Torrent

has previously consented to venue in this Judicial District.[3]

**FACTS AS TO ALL COUNTS**

33.     Supernus's Trokendi XR® is sold and marketed under New Drug Application

("NDA") No. 201635, which was approved by FDA for the manufacture and sale of topiramate

extended-release capsules, 25 mg, 50 mg, 100 mg, and 200 mg.

34.     Trokendi XR® is an antiepileptic drug indicated: (i) as an initial monotherapy for

the treatment of partial-onset or primary generalized tonic-clonic seizures in patients 6 years of

age and older; (ii) as an adjunctive therapy for the treatment of partial-onset seizures, primary

generalized tonic-clonic seizures, and seizures associated with Lennox-Gastaut syndrome in

patients 6 years of age and older; and (iii) for the preventive treatment of migraine in patients 12

years of age and older.

35.     Trokendi XR®'s recommended dosage: (i) for monotherapy in adults and in

pediatric patients 10 years of age and older is 400 mg orally once daily, and in patients 6 to 9

years of age is based on weight; (ii) for adjunctive therapy in adults with partial-onset seizures or

Lennox-Gastaut Syndrome is 200 mg to 400 mg orally once daily and with primary generalized

tonic-clonic seizures is 400 mg orally once daily, and for adjunctive therapy for patients 6 to 16

years of age with partial-onset seizures, primary generalized tonic-clonic seizures, or seizures

associated with Lennox-Gastaut syndrome is approximately 5 mg/kg to 9 mg/kg orally once

---

[3] *See, e.g.*, *Allergan Sales, LLC v. Torrent Pharm. Ltd.*, No. 19-21709 (ES)(SCM) (D.N.J.), ECF No. 21 (showing that Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. filed a counterclaim and did not contest jurisdiction); *Takeda Pharm. Co. v. Torrent Pharm. Ltd.*, No. 17-3186 (SRC)(CLW) (D.N.J.), ECF No. 12 (same); *Otsuka Pharm. Co. v. Torrent Pharm. Ltd.*, No. 14-1078 (JBS)(KMW) (D.N.J.), ECF No. 11 (same).

daily; and (iii) for the preventive treatment of migraine in patients 12 years of age and older is 100 mg once daily.

36. FDA's publication titled "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "*Orange Book*") lists ten (10) patents, specifically the '576, '580, '683, '248, '191, '989, '940, '004, '983, and '790 patents, as covering Supernus's Trokendi XR®.  Pursuant to 21 U.S.C. §§ 355(b)(1) and 355(c)(2), these ten (10) patents were submitted to FDA with or after the approval of NDA No. 201635.  These ten (10) patents are listed in the Orange Book as covering Trokendi XR®.

37. The '576 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on October 30, 2012, to Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '576 patent.

38. The '580 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on October 30, 2012, to Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '580 patent.

39. The '683 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on March 4, 2014, to Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '683 patent.

40. The '248 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on November 4, 2014, to

Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '248 patent.

41.     The '191 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on November 18, 2014, to Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '191 patent.

42.     The '989 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on March 31, 2015, to Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '989 patent.

43.     The '940 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on January 24, 2017, to Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '940 patent.

44.     The '004 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on January 31, 2017, to Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '004 patent.

45.     The '983 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on April 18, 2017, to Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '983 patent.

46.    The '790 patent, titled "Sustained-Release Formulations of Topiramate," was duly and legally issued by the United States Patent and Trademark Office on June 11, 2019, to Supernus upon assignment from inventors Likan Liang, Hua Wang, Padmanabh P. Bhatt, and Michael L. Vieira.  Supernus owns all rights, title, and interest in the '790 patent.

47.    On or about June 15, 2021, Torrent sent a letter purportedly pursuant to 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95 regarding the Torrent ANDA Products and the '576, '580, '683, '248, '191, '989, '940, '004, '983, and '790 patents (the "June 15 Notice Letter") to Supernus at 9715 Key West Ave., Rockville, Maryland 20850.

48.    The June 15 Notice Letter was signed by A. Neal Seth of Wiley Rein LLP, Torrent's authorized representative.

49.    Upon information and belief, the Torrent ANDA is based upon Trokendi XR® (topiramate extended-release capsules), 25 mg, 50 mg, 100 mg, and 200 mg, as its reference listed drug.

50.    Upon information and belief, the Torrent ANDA Products are topiramate extended-release capsules, 25 mg, 50 mg, 100 mg, and 200 mg.

51.    Upon information and belief, the proposed prescribing information for the Torrent ANDA Products includes a header titled "Indications and Usage" and states that Torrent ANDA Products are indicated: (i) as an initial monotherapy for the treatment of partial-onset or primary generalized tonic-clonic seizures in patients 6 years of age and older; (ii) as an adjunctive therapy for the treatment of partial-onset seizures, primary generalized tonic-clonic seizures, and seizures associated with Lennox-Gastaut syndrome in patients 6 years of age and older; and (iii) for the preventive treatment of migraine in patients 12 years of age and older.

52.     Upon information and belief, the proposed prescribing information for the Torrent ANDA Products includes a header titled "Dosage and Administration" and states that: (i) the recommended dose for monotherapy in adults and in pediatric patients 10 years of age and older is 400 mg orally once daily, and dosing in patients 6 to 9 years of age is based on weight; (ii) the recommended total daily dose as adjunctive therapy in adults with partial-onset seizures or Lennox-Gastaut Syndrome is 200 mg to 400 mg orally once daily and with primary generalized tonic-clonic seizures is 400 mg orally once daily, and the recommended total daily dose as adjunctive therapy for patients 6 to 16 years of age with partial-onset seizures, primary generalized tonic-clonic seizures, or seizures associated with Lennox-Gastaut syndrome is approximately 5 mg/kg to 9 mg/kg orally once daily; and (iii) the recommended total daily dose as treatment for the preventive treatment of migraine in patients 12 years of age and older is 100 mg once daily.

53.     Upon information and belief, the proposed prescribing information for the Torrent ANDA Products will also state under the header "Dosage and Administration" that the Torrent ANDA Products can be taken without regard to meals, to swallow capsule whole and intact, and do not sprinkle on food, chew, or crush.

54.     Upon information and belief, Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. acted in concert to develop the Torrent ANDA Products and/or seek approval from the FDA to sell the Torrent ANDA Products throughout the United States, including within this Judicial District.

55.     Upon information and belief, both Torrent Pharmaceuticals Ltd. and Torrent Pharma Inc. participated in the preparation and/or filing of the Torrent ANDA.

56.     21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed."  Likewise, 21 C.F.R. § 314.95(c)(7) requires that such a letter include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement must include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."  21 C.F.R. § 314.95(c)(7)(i)-(ii).

57.     Upon information and belief, as of the date of the June 15 Notice Letter, Torrent was aware of the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

58.     The June 15 Notice Letter does not include any noninfringement contentions unique to claims 2-3, 5-18, 22-25, and 27-30 of the '576 patent, claims 3-8, 10-11, 13-16, 18-28, and 29-31 of the '580 patent, claims 6-16, 18-20, and 23-24 of the '683 patent, claims 2-9, 11-12, and 15-20 of the '248 patent, claims 2-20, and 22-24 of the '191 patent, claims 2-13, 16-17, and 19-20 of the '989 patent, claims 2-13, 16-17, and 19-20 of the '940 patent, claims 2-11 and 13-15 of the '004 patent, claims 2-12, 15-16, and 18-30 of the '983 patent, and claims 2-10 and 13-24 of the '790 patent.

59.     The June 15 Notice Letter does not include any invalidity contentions to any claim of the '576, '580, '683, '248, '191, '989, '940, '004, '983, and '790 patents.

60.     Supernus and Torrent did not reach agreement on mutually acceptable terms for an Offer of Confidential Access pursuant to 21 U.S.C. § 355(j)(5)(C) and 21 C.F.R. § 314.95(c)(8).  As of the filing of this Complaint, Torrent has not produced the Torrent ANDA to Supernus.

## FIRST COUNT
### (Defendants' Infringement of the '576 Patent)

61.     Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

62.     Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '576 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of the Torrent ANDA Products before the expiration of the '576 patent is an act of infringement of the '576 patent by Torrent of one or more claims of the '576 patent under 35 U.S.C. § 271(e)(2)(A).

63.     Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of the Torrent ANDA.

64.     Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '576 patent under 35 U.S.C. § 271.

65.     Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '576 patent under 35 U.S.C. § 271.

66.    Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '576 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

67.    Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '576 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

68.    The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

## SECOND COUNT
**(Defendants' Infringement of the '580 Patent)**

69.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

70.    Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '580 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of the Torrent ANDA Products before the expiration of the '580 patent is an act of infringement of the '580 patent by Torrent of one or more claims of the '580 patent under 35 U.S.C. § 271(e)(2)(A).

71.    Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of the Torrent ANDA.

72. Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '580 patent under 35 U.S.C. § 271.

73. Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '580 patent under 35 U.S.C. § 271.

74. Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '580 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

75. Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '580 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

76. The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

## THIRD COUNT
### (Defendants' Infringement of the '683 Patent)

77. Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

78. Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '683 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United

States of the Torrent ANDA Products before the expiration of the '683 patent is an act of infringement of the '683 patent by Torrent of one or more claims of the '683 patent under 35 U.S.C. § 271(e)(2)(A).

79.     Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of the Torrent ANDA.

80.     Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '683 patent under 35 U.S.C. § 271.

81.     Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '683 patent under 35 U.S.C. § 271.

82.     Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '683 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

83.     Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '683 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

84.     The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

## FOURTH COUNT
### (Defendants' Infringement of the '248 Patent)

85.     Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

86.     Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '248 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of the Torrent ANDA Products before the expiration of the '248 patent is an act of infringement of the '248 patent by Torrent of one or more claims of the '248 patent under 35 U.S.C. § 271(e)(2)(A).

87.     Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of ANDA No. 215918.

88.     Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '248 patent under 35 U.S.C. § 271.

89.     Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '248 patent under 35 U.S.C. § 271.

90.     Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '248 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

91.     Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '248 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

92.     The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

## FIFTH COUNT
### (Defendants' Infringement of the '191 Patent)

93.     Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

94.     Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '191 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of the Torrent ANDA Products before the expiration of the '191 patent is an act of infringement of the '191 patent by Torrent of one or more claims of the '191 patent under 35 U.S.C. § 271(e)(2)(A).

95.     Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of the Torrent ANDA.

96.     Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '191 patent under 35 U.S.C. § 271.

97. Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '191 patent under 35 U.S.C. § 271.

98. Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '191 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

99. Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '191 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

100. The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

## SIXTH COUNT
### (Defendants' Infringement of the '989 Patent)

101. Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

102. Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '989 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of the Torrent ANDA Products before the expiration of the '989 patent is an act of infringement of the '989 patent by Torrent of one or more claims of the '989 patent under 35 U.S.C. § 271(e)(2)(A).

103.   Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of the Torrent ANDA.

104.   Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '989 patent under 35 U.S.C. § 271.

105.   Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '989 patent under 35 U.S.C. § 271.

106.   Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '989 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

107.   Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '989 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

108.   The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

### SEVENTH COUNT
**(Defendants' Infringement of the '940 Patent)**

109.   Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

110.    Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '940 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of the Torrent ANDA Products before the expiration of the '940 patent is an act of infringement of the '940 patent by Torrent of one or more claims of the '940 patent under 35 U.S.C. § 271(e)(2)(A).

111.    Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of the Torrent ANDA.

112.    Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '940 patent under 35 U.S.C. § 271.

113.    Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '940 patent under 35 U.S.C. § 271.

114.    Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '940 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

115.    Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '940 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

116.    The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

**EIGHTH COUNT**
**(Defendants' Infringement of the '004 Patent)**

117.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

118.    Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '004 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of the Torrent ANDA Products before the expiration of the '004 patent is an act of infringement of the '004 patent by Torrent of one or more claims of the '004 patent under 35 U.S.C. § 271(e)(2)(A).

119.    Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of the Torrent ANDA.

120.    Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '004 patent under 35 U.S.C. § 271.

121.    Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '004 patent under 35 U.S.C. § 271.

122. Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '004 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

123. Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '004 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

124. The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

## NINTH COUNT
### (Defendants' Infringement of the '983 Patent)

125. Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

126. Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '983 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of the Torrent ANDA Products before the expiration of the '983 patent is an act of infringement of the '983 patent by Torrent of one or more claims of the '983 patent under 35 U.S.C. § 271(e)(2)(A).

127. Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of the Torrent ANDA.

128.    Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '983 patent under 35 U.S.C. § 271.

129.    Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '983 patent under 35 U.S.C. § 271.

130.    Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '983 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

131.    Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '983 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

132.    The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

**TENTH COUNT**
**(Defendants' Infringement of the '790 Patent)**

133.    Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

134.    Upon information and belief, Torrent's submission and filing of the Torrent ANDA with a paragraph IV certification to the '790 patent to obtain approval to engage in the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United

States of the Torrent ANDA Products before the expiration of the '790 patent is an act of infringement of the '790 patent by Torrent of one or more claims of the '790 patent under 35 U.S.C. § 271(e)(2)(A).

135.    Upon information and belief, Torrent will commercially manufacture, use, offer to sell, and/or sell within the United States, and/or import into the United States, the Torrent ANDA Products upon, or in anticipation of, FDA approval of the Torrent ANDA.

136.    Upon information and belief, Torrent's commercial manufacture, use, offering to sell, and/or sale within the United States, and/or importation into the United States, of the Torrent ANDA Products will infringe, directly and/or indirectly, one or more claims of the '790 patent under 35 U.S.C. § 271.

137.    Upon information and belief, the commercial offering for sale and/or sale of the Torrent ANDA Products by Torrent will induce and/or contribute to third-party infringement of one or more claims of the '790 patent under 35 U.S.C. § 271.

138.    Upon information and belief, the factual and legal bases in the June 15 Notice Letter regarding the '790 patent do not establish good-faith bases to comply with the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

139.    Torrent acted without a reasonable basis for believing that it would not be liable for infringement of the '790 patent, thus rendering this case "exceptional" under 35 U.S.C. § 285 and entitling Supernus to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

140.    The acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law, unless Torrent is preliminarily and permanently enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Supernus respectfully requests the following relief:

i.  A Judgment declaring that the patents in suit are valid and enforceable;

ii.  A Judgment, pursuant to 35 U.S.C. § 271(e)(2)(A), declaring that the submission to FDA and filing of ANDA No. 215918 with a paragraph IV certification for the purpose of obtaining approval for the commercial manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of the Torrent ANDA Products was an act of infringement of the patents in suit by Defendants;

iii.  A Judgment pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), declaring that the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation into the United States of the Torrent ANDA Products before the expiration of the patents in suit (including any regulatory extensions) would directly and/or indirectly infringe the patents in suit;

iv.  An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(A), 281, and 283, that the effective date of any approval of the Torrent ANDA Products shall be no earlier than the date on which the patents in suit expire (including any regulatory extensions);

v.  An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(B), 281, and 283, preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees, and attorneys, and any person in active concert or participation or privity with Defendants, from engaging in the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation in the United States of the Torrent ANDA Products until the expiration of the patents in suit (including any regulatory extensions);

vi.  A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, awarding Supernus damages or other monetary relief if Defendants commercially manufacture, use, offer to

sell, or sell within the United States, and/or import into the United States any product that is the subject of ANDA No. 215918 that infringes the patents in suit;

vii.  A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, declaring that Defendants' infringement of the patents in suit is willful and awarding Supernus enhanced damages if Defendants commercially manufacture, use, offer to sell, or sell within the United States, and/or import into the United States any product that is the subject of ANDA No. 215918 that infringes the patents in suit (including any regulatory extensions);

viii. A Judgment, pursuant to 35 U.S.C. § 285, declaring that this is an exceptional case and awarding Supernus its attorneys' fees and costs; and

ix.  Such other and further relief as this Court may deem just and proper.

Dated: July 28, 2021

By: s/ William C. Baton
　　Charles M. Lizza
　　William C. Baton
　　Sarah A. Sullivan
　　**SAUL EWING ARNSTEIN & LEHR LLP**
　　One Riverfront Plaza
　　1037 Raymond Blvd., Suite 1520
　　Newark, NJ 07102
　　wbaton@saul.com

　　OF COUNSEL:

　　Edgar H. Haug
　　Nicholas F. Giove
　　Richard F. Kurz
　　**HAUG PARTNERS LLP**
　　745 Fifth Avenue
　　New York, New York 10151
　　(212) 588-0800
　　ehaug@haugpartners.com
　　ngiove@haugpartners.com
　　rkurz@haugpartners.com


　　*Attorneys for Plaintiff*
　　*Supernus Pharmaceuticals, Inc.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 & 40.1

I hereby certify that the matter in controversy involves the same plaintiff, same drug

product, and same patents that are at issue in the matter captioned *Supernus Pharmaceuticals,*

*Inc. v. Ajanta Pharma Ltd., et al.*, C.A. No. 21-6964 (FLW)(LHG) (D.N.J.).

To the best of my knowledge, this matter is not the subject of any other action pending in

any court or of any pending arbitration or administrative proceeding.


Dated: July 28, 2021

OF COUNSEL:
Edgar H. Haug
Nicholas F. Giove
Richard F. Kurz
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151

By: s/ William C. Baton
Charles M. Lizza
William C. Baton
Sarah A. Sullivan
**SAUL EWING ARNSTEIN & LEHR LLP**
One Riverfront Plaza
1037 Raymond Blvd., Suite 1520
Newark, NJ 07102
wbaton@saul.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*